**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM FRANK OSBORNE, | No. 22-35663 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-02260-MC |
| v. | |
| COLLETTE PETERS, ODOC Director; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted January 17, 2024[**]

Before:      S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Oregon state prisoner William Frank Osborne appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging various

claims arising from his confinement.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014)

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(en banc).  We affirm.

The district court properly granted summary judgment on Osborne's first, second, third, fifth, sixth, and seventh claims because Osborne failed to exhaust administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were unavailable to him.  *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable).

The district court properly granted summary judgment on Osborne's fourth claim because Osborne failed to raise a genuine dispute of material fact as to whether defendants violated Osborne's constitutional rights by failing to report his assault to state police.  *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (noting that a failure to follow prison policy does not establish a federal constitutional violation).

The district court did not abuse its discretion in denying Osborne's requests for further discovery because Osborne failed to show that additional discovery would have precluded summary judgment.  *See Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 612, 619-20 (9th Cir. 2017) (setting forth standard of review and explaining that to prevail on a Rule 56(d) request, a party must state the specific facts it seeks in further discovery and show

that such facts exist and are "essential to oppose summary judgment" (citation and internal quotation marks omitted)); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a decision to deny a motion to compel discovery will not be disturbed without "actual and substantial prejudice to the complaining litigant" (citation omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider materials not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Osborne's motions for appointment of counsel (Docket Entry No. 17) and default judgment (Docket Entry No. 22) are denied. Osborne's motion to extend the time to file the reply brief (Docket Entry No. 20) is granted. The Clerk will file the reply brief submitted at Docket Entry No. 21.

**AFFIRMED.**